UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHALID SALMAN and BAN SALMAN

      Plaintiffs,

v.                                            Case No: 11-10253
                                                    Honorable Julian Abele Cook, Jr.

U.S. BANK, NA ND,

      Defendant.

ORDER

This case involves a complaint by the Plaintiffs, Khalid and Ban Salman (hereinafter referred to collectively as "the Salmans"), who in a seven-count complaint, seek damages against the Defendant, U.S. Bank, NA ND's ("U.S. Bank") for (1) an action to quiet title; (2) unjust enrichment; (3) innocent/negligent misrepresentation; (4) fraud; (5) constructive trust; (6) breach of Mich. Comp. Laws § 600.3205c; and (7) deceptive acts and/or an unfair practices.  The lawsuit was originally filed in the Oakland County Circuit Court of Michigan and subsequently removed to this Court on the basis of its diversity jurisdiction.  28 U.S.C. §§ 1332; 1441; 1446.

Now pending before the Court are motions for the entries of (1) a judgment on the pleadings, Fed.R.Civ. Rule 12(c), and (2) a summary judgment, Fed.R.Civ. Rule 56.

I.

On February 23, 2006, the Plaintiffs, Khalid Salman and his wife, Ban, collectively borrowed $272,000 from the First NLC Financial Services, and, in so doing, they utilized their West

Bloomfield property as security for the loan with a note and mortgage which provided, in part, that this loan was to be repaid in full by March 1, 2036.[1]

According to the U.S. Bank, the Salmans defaulted on their loan obligation in 2009. On August 12th of the same year, U.S. Bank advised the Salmans of its intention to seek a foreclosure on their secured property, as well as its willingness to work out a loan modification that would help them avoid foreclosure. On August 25th, MERS assigned the mortgage to U.S. Bank.

In late August, U.S. Bank was contacted by Freedom by Faith Ministries, a third party organization, calling on behalf of the Salmans to inquire about a loan modification pursuant to the Home Affordable Modification Program ("HAMP"). Though no meeting was ever requested by Freedom by Faith Ministries, U.S. Bank suspended foreclosure activities. When it received no response from the Salmans, U.S. Bank restarted the foreclosure proceedings in late November. The HAMP application was not received by U.S. Bank until January 14, 2010, and on February 12, U.S. Bank notified the Salmans that their HAMP request was denied. U.S. Bank then proceeded with the foreclosure by advertisement.

U.S. Bank states that notice of foreclosure was published in the Oakland County Legal News on August 13, December 1, 8, 15, and 22, 2009 and a notice was placed in a conspicuous place on the front door on the Property on December 5, 2009. The Salmans, however, contend that they were never notified by U.S. Bank of the Sheriff's Sale. On March 2, 2010, the Property was sold at a Sheriff's Auction to U.S. Bank for $159,200.00. The Salmans failed to redeem the Property before the expiration of the redemption period on September 2, 2010.

---

[1] Mortgage Electronic Registration Systems, Inc. ("MERS") acted solely as a nominee for First NLC. U.S. Bank which serviced the Plaintiffs' mortgage loan. On August 25, 2009, MERS assigned its mortgage interests to the Defendant.

On November 19, 2010, U.S. Bank instituted eviction proceedings in the 48th District Court in Oakland Count, Michigan. On December 15th, U.S. Bank filed a motion to stay the proceedings in the Eviction Action. The following day, the 48th District Court entered an Escrow Order for the Salmans to pay $1,250.00 per month starting on the 25th of each month beginning on December 25, 2010. On February 4, 2011 the 48th District Court entered a stipulated order that the matter would be continued until a date to be determined and that the Salmans would continue to make payments pursuant to the December 16th Escrow Order. After the filing of the complaint in the Oakland County Circuit Court, U.S. Bank filed a timely notice of removal on January 20, 2011 pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

U.S. Bank has submitted a motion for judgment on the pleadings and, as an alternative, has moved for summary judgment pursuant to Fed. R. Civ. P. 12(c) and 56(c), respectively. It asserts that as the redemption period for the property has expired, the Salmans have no standing to challenge the foreclosure since there was no clear showing of any fraud or irregularity. U.S. Bank's motion is opposed by the Salmans.

II.

Federal Rule of Civil Procedure 12(c) states that "after the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is to be analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *See, e.g., Sensations Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-296 (6th Cir. 2008). In deciding on a Rule 12(b)(6) motion, a court must assess whether the plaintiff has stated a claim upon which relief may be granted. To survive a motion to

dismiss under Rule 12(b)(6), the plaintiff's complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). It must allege enough facts "to state a claim that is plausible on its face." *Twombly,* 550 U.S. at 570. Factual allegations must be enough to raise a right to relief "above the speculative level that all the allegations in the complaint are true." *Id.* at 555. A court must construe a complaint in favor of the plaintiff, accept allegations of the complaint as being correct, and determine whether the factual allegations have presented a plausible claim for relief. *Id.*

Federal Rule of Civil Procedure 56(a) states that a court shall grant summary judgment if the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the movant to demonstrate the absence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). In assessing a summary judgment motion, a court is obliged to examine any pleadings, depositions, answers to interrogatories, admissions, and affidavits in a light most favorable to the non-moving party. *Boyd v. Ford Motor Co.,* 948 F.2d 283, 285 (6th Cir. 1991). A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. The entry of summary judgment is appropriate if the non-moving party fails to present evidence which is "sufficient to establish the existence of an essential element to its case, and on which it will bear the burden of proof at trial." *Vereecke v. Huron Valley School Dist.,* 609 F.3d 392, 399 (6th Cir. 2010) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)).

As this action is brought in federal court invoking diversity jurisdiction, a court must apply the same substantive law that would be applied if the action had been brought in a state court of the same jurisdiction in which the federal court is located. *Equitable Life Assur. Soc. of U.S. v. Poe,* 143 F.3d 1013, 1016 (6th Cir. 1998). Thus, as the Court has diversity jurisdiction and the Salmans only assert state causes of action, Michigan law will be applied to the substantive issues of this case.

### III.

The Defendant contends that it is entitled to relief because the Salmans lack standing to assert any claims with respect to the Property as a result of the expiration of the statutory redemption period on September 2, 2010. In response, the Salmans argue that due to the existence of fraud and irregularities, they have standing to pursue their claims in this Court.

It is well-settled Michigan law, and this Court has repeatedly held, that upon the expiration of the statutory redemption period the mortgagors "lose all the right, title, and interest" in the property. Having lost all authority in that regard, a mortgagor no longer retains the ability to bring any claims with respect to the property. *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 187-188 (1942); *Overton v. Mortgage Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. App. May 28, 2009) ("Once the redemption period expired, all of plaintiff's rights in and title to the property were expired."); see *Stein v. U.S. Bancorp,* No. 10-14026, 2011 WL 740537, at *4 (E.D. Mich. Feb. 24, 2011) ("The standard under *Piotrowski* has been applied by Michigan courts - and by federal courts applying Michigan law - to bar former owners from making any claims with respect to the property after the end of the redemption period."), *Moriarty v. BNC Mortgage, Inc.,* No. 10-13860, 2010 WL 5173830, at *2 (E.D. Mich. Dec. 15, 2010) ("Pursuant to Michigan law, once the redemption period following foreclosure of property has expired, the former owner's rights

in and title to the property are extinguished. At that point, the former owner loses standing to assert claims with respect to the property."), *Smith v. Wells Fargo Home Mortgage, Inc.,* No. 09-13988 (Aug. 16, 2010), ECF No. 26. ("When the redemption period expires, the purchaser of the sheriff deed is vested with 'all the right, title, and interest' in the property....Because Plaintiffs lost any 'legal or equitable right, title or interest in the subject matter of the controversy,' Plaintiffs no longer have standing.") Michigan law does not allow for an extension of the redemption period from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement in the "absence of a clear showing of fraud, or irregularity." *Moriarty,* 2010 WL 5173830, at *2 (quoting *Schulthies v. Barron,* 16 Mich. App. 246, 247-248 (Mich. Ct. App. 1969)), *Overton,* 2009 WL 1507342, at *1. The Michigan Supreme Court has held that a "strong case of fraud or irregularity" is needed to meet this burden. *U.S. v. Garno,* 874 F. Supp. 628, 633 (E.D. Mich. 1997) (citing *Detroit Trust Co. v. Agozzinio,* 280 Mich. 402, 405-406 (1937)).

Here, there is no dispute that the six-month statutory redemption period for the Sherriff Sale has expired. See Mich. Comp. Laws. § 600.3240(8). The Sheriff's Sale occurred on Mach 2, 2010, therefore the redemption period expired on September 2, 2010. This suit was filed on December 15, 2010, clearly outside the six-month statutory redemption period. Thus, if the Salmans' are to have any standing in this case, a clear showing of fraud or irregularity must be made.

A.

Count IV of the Salmans' complaint alleges fraud based upon silent fraud and bad faith promises. To adequately plead fraud in a complaint, a party must comply with Federal Rule of Civil Procedure 9(b) which requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged

generally." Fed. R. Civ. P. 9(b). To satisfy the particularity requirements of Rule 9(b), a plaintiff, at minimum, must "allege the time, place, and contents of the misrepresentation(s) upon which he relied." *Bender v. Southland Corp.,* 749 F.2d 1205, 1216 (6th Cir. 1984). Specifically, the Sixth Circuit has held that the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.,* 547 F.3d 564, 570 (6th Cir. 2008). The threshold test is "whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendant...to answer, addressing in an informed way the [plaintiff's] claim of fraud. *Coffey v. Foamex,* 2 F.3d 157, 162 (6th Cir. 1993).

The Salmans' complaint does not contain sufficient particularity to maintain a claim for fraud. While the complaint alleges that U.S. Bank failed to disclose to the Salmans their intention to proceed with the Sherriff Sale, there is no indication of what the precise allegedly fraudulent statements were, who the speaker was, where and when the allegedly fraudulent statements were made, and why the statements were fraudulent. Compl. ¶ ¶44-48. *See Gupta v. Terra Nitrogen Corp.* 10 F. Supp. 2d 879 (N.D. Ohio 1998) *aff'd by Gupta v. Terra Nitrogen Corp.,* 202 F.3d 268 (6th Cir. 1999) (Dismissing plaintiff's claim of fraud since complaint did not identify specific statements by the plaintiff that were allegedly fraudulent, who made the allegedly false statements, and when the allegedly false statements were made.) The Salmans' assertion in the complaint that U.S. Bank's failed "to disclose certain facts" is simply too vague and generic to meet the requisite particularity Rule 9(b) demands. Compl. ¶47. Accordingly, the Salmans' allegations of fraud are insufficient to satisfy the "clear showing of fraud" standard.

B.

Next, the Salmans allege innocent and/or negligent misrepresentation by U.S. Bank.[2] A claim of innocent misrepresentation is shown if "a party detrimentally relies upon a false representation in such a manner that the injury suffered by that party inures to the benefit of the party who made the representation." *Unibar Maintenance. Serv., Inc. v. Saigh*, 283 Mich.App. 609, 621 (Mich. Ct. App. 2009). A plaintiff need not show that the defendant had a fraudulent purpose or intent on the defendant's behalf, or even that the defendant knew that the representation was false. *Id.* A claim for negligent misrepresentation requires "[a] plaintiff to prove that a party justifiably relied to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *Id.*

In *Smith v. Bank of America Corp.,* this Court assessed an almost identical claim of innocent/negligent misrepresentation against Bank of America Corp.. No. 10-14161, 2011 WL 653642, *3-4 (E.D. Mich. Feb. 14, 2011). The Plaintiff Smith's complaint contained nearly identical phrasing as the Salmans' complaint: "Defendants made innocent and/or negligent representations of material facts by promising or representing that Defendants would modify the loan so that Plaintiffs could remain in their home," and "Plaintiffs would not have entered into the loan modification process or short sale had they known that Defendants would not have consummated the loan modification." *Id.* at *4. This Court held that the Plaintiff's claims failed as these statements could not withstand a Rule 12(b)(6) motion to dismiss as they did not put the defendant on notice as to the time, place, or contents of the alleged misrepresentations. The complaint also did not contain the minimum allegations required pursuant to Rule 9(b).

---

[2] The Salmans do not differentiate between the two causes of action in the complaint.

Paragraphs 37 and 40 of the Salmans' complaint are almost identical to the Smiths' complaint verbatim. Similarly, the Salmans fail to allege sufficient facts to survive U.S. Bank's Rule 12(c) motion, as the time, place, or contents of the alleged misrepresentations remain unclear and unspecified. The factual allegations do not raise a right to relief above a speculative level that the allegations contained in the complaint are true. Rather, as with the Salmans' fraud claims, the misrepresentation claims lack specificity and are once again vague and generalized. There is no indication of what the representations by U.S. Bank were, or who made these alleged representations.

Critically, innocent misrepresentation and negligent misrepresentation are two separate and distinct causes of action, each with different elements. The Salmans' complaint does not distinguish between the two, and it is unclear which cause of action the facts alleged specifically under this count in the complaint refer to: innocent misrepresentation or negligent misrepresentation. For these reasons, this claim cannot survive U.S. Bank's motion for judgment on the pleadings.

C.

The Salmans also allege an irregularity arising out of U.S. Bank's violation of Mich. Comp. Laws § 600.3205c.[3] The specific section of Mich. Comp. Laws § 600.3205c under which the Salmans allege a violation is unclear, however, and the portions of § 600.3205c quoted in the complaint do not appear in the latest version of the statute which was amended on July 5, 2009. Furthermore, the Salmans seem to allege that U.S. Bank's breach of § 600.3205c was the result of

---

[3] The Salmans allege that U.S. Bank "failed to follow MCL 600.3205 (c) in that the Defendant has failed to modify Plaintiffs' mortgage." Compl. ¶65. The Court believes the Salmans intended to cite Mich. Comp. Laws § 600.3205c, as MCL 600.3205 (c) states: "'Mortgage servicer' means the servicing agent of the mortgage." Mich. Comp. Laws § 600.3205(c).

their failure to modify the Salmans' mortgage. Compl. ¶65. The statute states that a designated person "shall work with the borrower to determine whether the borrower qualifies for a loan modification," but only if the borrower has contacted a housing counselor. *Id.* Nowhere in the statute is there language requiring U.S. Bank to modify the Salmans' mortgage.

The Salmans also do not assert any facts to support their claim of the violation of the statute. Under this count, the complaint merely lists conclusions of law which, as discussed above, are not entirely accurate. Due to the insufficiency of the pleadings, the Salmans' claim for violation § 600.3205c cannot stand.

D.

The Salmans claim irregularity arising from the deceptive acts and/or unfair practices on the part of U.S. Bank. It is the Court's understanding that in asserting this claim, the Salmans are contending violations of the Michigan Consumer Protection Act ("MCPA"), though the complaint does not expressly indicate as such, as there is no independent cause of action for a deceptive act or unfair practice under Michigan common law. Moreover, the Salmans' complaint does not actually allege any violation of law on the part of U.S. Bank or specify any facts to support such a contention. The complaint states that the process of "robo-signing" "may constitute a deceptive act and/or an unfair practice," but no further detail is provided. Compl. ¶71. Indeed, the complaint seems to indicate some uncertainty on the part of the Salmans themselves as to U.S. Bank's alleged violations of law on this count. The use of the phrase "may constitute" suggests that the Salmans are speculating that U.S. Bank's actions violated the law. This does not raise a right to relief above a speculative level, and does not state a claim that is plausible on its face. Indeed, it has often been held in this Circuit that "issues adverted to in a prefunctory manner, unaccompanied by some effort

at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to...put flesh on its bones." *Garner v. Cuyahoga County Juvenile Court,* 554 F.3d 624, 640-41 (6th Cir. 2009) (quoting *McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir. 1997). Judgment on the pleadings in favor of U.S. Bank would thus be appropriate for this count.

Additionally, M.C.L. §445.904(1)(a) states that the MCPA does not apply to "a transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." It is settled Michigan law that state savings banks conducting residential mortgage loan transactions fall under this exemption and are thus not bound by the MCPA. *Newton v. West,* 262 Mich. App. 434, 441 (Mich. Ct. App. 2004); see also *O'Brien v. BAC Home Loan Servicing, LP,* No. 10-15136, 2011 WL 1193659, at *3 (E.D. Mich. Mar. 28, 2011) ("Courts have consistently applied the MCPA exemption to the mortgage business of regulated lending institutions."), *Chungag v. Wells Fargo Bank, N.A.,* No. 10-14648, 2011 WL 672229, at *4 (E.D. Mich. Feb. 17, 2011) ("Both Michigan courts and federal courts applying Michigan law have consistently held that the MCPA does not apply to claims arising out of residential mortgage loan transactions."). Consequently, as the claims in this suit arise out of a residential mortgage loan transaction, the Salmans' claims under the MPCA cannot stand as U.S. Bank falls under the statutory exemption to the MCPA. There therefore cannot be any irregularity arising from U.S. Bank's alleged deceptive acts or unfair practices under the MCPA.

E.

Finally, the Salmans have filed supplemental authority citing three recent cases from the Michigan Court of Appeals. In the first, *Residential Funding v. Saurman*, 2011 WL 1516819, the

11

Michigan Court of Appeals held that the Mortgage Electronic Registration System (MERS) may not pursue foreclosure by advertisement because it lacked the property interest in the indebtedness required by Michigan law for that type of foreclosure. In particular, where MERS was a mortgagee, but not the note-holder, the court found that MERS may not initiate foreclosure proceedings. In *Allen Bakri v. MERS*, 2011 WL 3476818, the court extended the *Residential Funding* ruling to include third-party assignments from MERS when the assignee, rather than MERS, forecloses by advertisement. Finally, *Richard v. Schneiderman and Sherman*, 2011 WL 3524302, held that *Saurman* is to be given full retroactive effect.

Plaintiffs' reliance on *Saurman* is misplaced. In *Saurman*, MERS initiated the foreclosure by advertisement. However, in this case, U.S. Bank initiated the foreclosure by advertisement. While MERS did assign the Plaintiffs' mortgage to U.S. Bank on August 25, 2009, U.S. Bank had already initiated foreclosure proceedings on the property on August 12, 2009. U.S. Bank was entitled to initiate foreclosure by advertisement as the servicing agent of the mortgage. Mich.Comp. Laws § 600.3204(1)(d). Therefore, the limitation on foreclosure by advertisement found in *Saurman* is not applicable to this case.[4]

## IV.

The Salmans have not made a clear showing of any fraud or irregularity and thus, as a result of the expiration of the redemption period, have no standing in this case. Accordingly, the Court

---

[4] Two recent cases from the Eastern District of Michigan come to the same conclusion. In *Carl v. BAC Home Loans Servicing*, 2011 WL 3203086, the Defendant, BAC Home Loans Servicing, initiated foreclosure by advertisement. The court affirmed that the servicing agent of the mortgage may pursue foreclosure by advertisement. In *Williams v. U.S. Bank*, 2011 WL 2293260, the court again found that *Saurman* did not apply where the servicing agent pursues foreclosure.

declines to address the Defendant's remaining arguments. For this reason and for the reasons that have been set forth above, the Defendant's motion for judgment on the pleadings is granted.

    IT IS SO ORDERED.


Date: October 18, 2011　　　　　　　　　　　　　s/Julian Abele Cook, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　　　　U.S. District Court Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on October 18, 2011.

　　　　　　　　　　　　　　　　　　　　　　　　s/ Kay Doaks
　　　　　　　　　　　　　　　　　　　　　　　　Case Manager